IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHREEJI, LLC, a Wyoming Limited Liability Company;<br><br>**Plaintiff,**<br><br>vs.<br><br>WESTERN WORLD INSURANCE GROUP,<br><br>**Defendant.** | 8:24CV88<br><br><br>ORDER |

This matter is before the Court *sua sponte* after review of the pleadings. The court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

Plaintiff, Shreeji, LLC, commenced this action for breach of contract and bad faith in Dawson County District Court. (Filing No. 1-1). Defendant, Western World Insurance Group ("Western World"), removed this action from Dawson County, Nebraska, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). In removal cases, the district court reviews the complaint pending at the time of removal to determine the existence of subject matter jurisdiction. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The district court may also look to the Notice of Removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction[.]" *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016)

(quoting *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, at 911-912 (8th Cir. 2009)).

According to its Notice of Removal, Western World asserts complete diversity of citizenship exists because Western World is a property-casualty insurance company organized and existing pursuant to the laws of the State of New Hampshire with its principal place of business in New York, New York. As for Plaintiff, Shreeji, LLC, Western World alleges that, "upon information and belief, Plaintiff Shreeji LLC was formed in Nevada but is domesticated in the State of Wyoming with its principal place of business located at 2503 Plum Creek Parkway, Lexington, Dawson County, Nebraska 68850." Plaintiff's complaint contains an identical recitation of its location. (Filing No. 1-1 at ¶ 1).

But, for purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").

Additionally, the removing party "has the burden to prove the requisite [jurisdictional] amount by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Where a plaintiff does not "allege a specific amount in controversy" in the complaint, "the amount in controversy depends upon the value of the relief [the plaintiff] seeks." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citing *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010)).

After review, the Court finds Western World's Notice of Removal is defective because it does not state the citizenship of each of Shreeji, LLC's[1] members, nor does it demonstrate the

---

[1] Nor has Plaintiff Shreeji, LLC, filed the required Corporate Disclosure Statement identifying its members. See Filing No. 5.

8:24-cv-00088-MDN Doc # 9 Filed: 03/27/24 Page 3 of 3 - Page ID # 23

amount in controversy exceeds $75,000. Neither the Complaint nor the Notice of Removal identify Shreeji's members and those members' citizenship. Additionally, Shreeji's Complaint does not specify an amount of damages it seeks in this action. At most, Shreeji alleges it paid Western World a policy premium in the amount of "$21,441,11," which appears both to be a typographical error and a somewhat irrelevant figure. Shreeji seeks damages for breach of contract and bad faith for Defendant's failure to pay for some sort of damage to an unspecified building, but neither the Complaint nor Notice of Removal provide the Court with any information beyond those bare bones allegations. Because neither the Complaint nor Notice of Removal adequately establishes the nature or amount of damages are at issue, at this time, the Court would merely be speculating that the value of Plaintiff's claim exceeds $75,000.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); see *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014). Accordingly, the Court will grant Western World 14-days from the date of this Order to file an amended notice of removal that rectifies the deficiencies noted above. If it fails to do so, the action is subject to remand to state court. See 28 U.S.C. § 1447(c).

**IT IS ORDERED:** Defendant shall file an amended notice of removal on or before **April 10, 2024**, in the absence of which this case will be remanded to Dawson County District Court for lack of subject matter jurisdiction.

Dated this 27th day of March, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge